UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **DOCTOR SAM, LLC, a Florida limited liability company, AND DR. SAMANTHA SALTZ, an individual**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**PATIENTPOP, INC., a Delaware corporation, AND NORA FEYL, an individual**<br><br>    **Defendants** | Case No. 9:21-cv-81977 |

## NOTICE OF REMOVAL

Defendant PatientPop, Inc. ("PatientPop") hereby gives notice and removes this action from the Florida 15th Judicial Circuit Court for Palm Beach County, Florida (assigned Case No. 502021CA011636XXXXMB, Div. AH) pursuant to 28 U.S.C. §§ 1441 and 1446, and based on the Court's jurisdiction under 28 U.S.C. § 1332.

In support of this removal, and reserving all rights, objections, defenses, and motions, PatientPop represents the following:

### BACKGROUND AND STATE COURT ACTION

1. On October 15, 2021, Plaintiffs Doctor Sam, LLC and Dr. Samantha Saltz (collectively "Plaintiffs") filed a Complaint in the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida and it was assigned Case No. 502021CA011636XXXXMB, Div. AH (the "State Court Complaint").

2. This Notice of Removal is filed timely, as required by 28 U.S.C § 1446(b), because it was filed within thirty days of when the Plaintiffs filed their State Court Complaint, as well as within one year of the filing of the State Court Complaint. PatientPop has not yet been served with

{B1366253.4}

the State Court Complaint.  Pursuant to 28 U.S.C. § 1446 (a), a copy of all process, pleadings and orders filed in the Plaintiffs' state court action are attached hereto as Exhibit "1."  To date, PatientPop has not filed responsive pleadings in the Plaintiffs' state court action.

## BASIS FOR REMOVAL
## DIVERSITY JURISDICTION

3. 28 U.S.C. § 1446(a) requires only a "short and plain statement of the grounds for removal."

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441 because, as explained more fully below, at the time the State Court Complaint was filed and at the time of removal, the requirements for federal diversity jurisdiction were satisfied.

5. In actions involving limited liability companies, the Court evaluates jurisdiction based on the citizenship of members of the limited liability company, rather than the state where that entity was formed or does business.  For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen.")

6. Plaintiff, Doctor Sam, LLC, is a "Florida limited liability company." *See* State Court Complaint, ¶7.  According to the Florida Secretary of State's records, the members of Doctor Sam, LLC are: (a) Samantha Saltz and (b) Joshua Saltz.  *See* Exhibit "2" (Florida Secretary of State's Records for Doctor Sam, LLC).

7. Plaintiff, Samantha Saltz, is a psychiatrist who practices in Boca Raton, Florida and, upon information and belief, is a citizen of the state of Florida.  *See* State Court Complaint, ¶8.  According to the Florida Department of Health records, Plaintiff Samantha Saltz is licensed

{B1366253.4}                                        2

to practice medicine in the State of Florida, and provided her address of record and primary practice address as 2600 N. Military Trail, Suite 355, Boca Raton, FL 33431.

8. On information and belief, Plaintiff Samantha Saltz is married to Joshua Saltz. Joshua Saltz, who is also counsel of record for the Plaintiffs in this action, is a citizen of the state of Florida. According to the Florida Bar Association records, Joshua Saltz is a Florida-barred attorney who lists his mailing address as 2600 N. Military Trail, Suite 355, Boca Raton, Florida 33431.

9. Defendant PatientPop is a Deleware corporation with its principal place of business in Santa Monica, California. Thus, PatientPop is considered a citizen of both the states of Delaware and California for purposes of diversity jurisdiction.

10. Based on the allegations in paragraph 10 of the State Court Complaint and based on information and belief, Defendant Nora Feyl is a citizen of the State of California.

11. Because Plaintiffs are both citizens of the state of Florida and Defendants are citizens of the states of California and Delaware, respectively, complete diversity of citizenship exists between the parties.

12. As to the amount in controversy, a district court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) when "the matter in controversy exceeds the sum or value of $75,000."

13. To establish that the amount in controversy is met, a removing party may meet its burden in different ways depending on the nature of the allegations. If it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement, then the plaintiff's allegations establish the amount in controversy. *Stern v. First Liberty Ins. Co*, 424 F. Supp 3d 1264, 1269 (S.D. Fla. 2020). However, if the amount in controversy is not facially

apparent, and when the Plaintiffs have not plead a specific amount in damages (which is the case here), the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 755, 752 (11th Cir. 2010). Although the removing party carries the burden in establishing removal was proper, a "removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all certainty about it." *Id.*, at 754.

14. Although the State Court Complaint itself did not identify a specific damage amount sought by Plaintiffs, the "Civil Cover Sheet" signed by Plaintiffs' counsel and attached to the State Court Complaint alleges that the amount sought by Plaintiffs is "over $100,000." The Civil Cover Sheet describes this amount as an "estimated amount of the claim, rounded to the nearest dollar." The following excerpt shows this allegation by Plaintiffs in their cover sheet:

> PatientPop Inc, Nora Feyl
> Defendant
>
> **II.   AMOUNT OF CLAIM**
> Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.
>
> ☐ $8,000 or less
> ☐ $8,001 - $30,000
> ☐ $30,001- $50,000
> ☐ $50,001- $75,000
> ☐ $75,001 - $100,000
> ☒ over $100,000.00
>
> **III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

This coversheet is included in Exhibit "1" to this Notice.

15. Based on the allegations in the Civil Cover Sheet filed with the State Court Complaint, it is facially apparent that the amount in controversy is met.

16. It is also facially apparent that the required amount in controversy is met by the damage allegations contained in the State Court Complaint itself.

17. Plaintiffs' allegations seek punitive damages and attorneys' fees in connection with their claims. Based on those allegations and the amounts sought by the Plaintiffs, the claim exceeds $75,000. *See Roe v. Michelin North America Inc., et al.*, 613 F. 3d 1058, 1061-62 (11th Cir. 2010)(Court noted that district courts can make reasonable deductions, inferences and other reasonable extrapolations from pleadings to determine whether it is facially apparent that the case is a removal, and need not "suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.") The Court should conclude that demands for punitive damages and attorney's fees, coupled with a potential recovery of actual damages, far exceed the jurisdictional requirement of $75,000 in controversy.

18. When the amount in controversy is not facially apparent, a defendant can demonstrate that the jurisdictional amount is met by submitting supporting documentation, such as affidavits, discovery filings, or other correspondence between the parties. *See e.g., Mitzelfeld v. Safeco Ins. Co. of Illinois,* 2015 U.S. Dist. LEXIS 185174, 2015 WL 11348283, at *1 (S.D. Fla. May 22, 2015).

19. Among other items of proof, pre-suit settlement demands can be used to determine the amount in controversy of a plaintiff's claims. *See Lee v. Korol*, 2021 U.S. Dist. Lexis 165648, at *3 (S.D. Fla. Sept. 1, 2021)("As explained above, Defendants rely on the pre-suit demand and

plaintiff's description of injuries to establish the amount on controversy. Both are proper evidence for the Court to consider in determining whether the amount in controversy is met.")

20.   Here, before Plaintiffs filed suit, through their counsel, sent two settlement demand letters to PatientPop, one dated November 25, 2019 and one dated February 10, 2020. PatientPop has attached these two letters, along with a declaration of Colin M. Morris as Exhibits "3," "3-A" and "3-B" to this Notice.

21.   In the November 25, 2019 letter, Plaintiffs' counsel provided a detailed explanation of the events giving rise to Plaintiffs' claims and the Defendants' alleged violations of law. The November 25, 2019 letter also analyzed the Plaintiffs' potential damages and identified a number of cases in which Plaintiffs were awarded significant damages, indicating that similar cases have settled in the "six figure" range.

22.   On February 10, 2020, Plaintiffs' counsel sent a follow-up settlement letter in which he further analyzed his clients' claims and potential defenses that both Defendants might assert. He also identified specific evidence to support the Plaintiffs' claims. Plaintiffs' counsel concluded his February 10, 2020 letter by making a specific demand with a copy of the lawsuit that he intended to file: "Attached is a draft Complaint that we have been authorized to file. If PatientPop wishes to resolve this matter outside of litigation, our settlement demand is $145,000."[1] *See* Exhibit "3-B."

23.   Although PatientPop denies any liability to the Plaintiffs, it respectfully suggests that the Plaintiffs' allegations make it facially apparent that the amount in controversy as to Plaintiffs' claims, exclusive of interest and costs, exceeds $75,000. In addition, the evidence submitted herewith proves by a preponderance of the evidence that the amount in controversy as

---

[1] Exhibit "3-B," p. 4.

{B1366253.4}                                             6

to Plaintiffs' claims satisfies the jurisdictional requirement. Thus, whichever jurisdiction analysis is used, it is clear that the amount in controversy for diversity jurisdiction is satisfied.

## VENUE

24. The United States District Court for the Southern District of Florida is the federal judicial district embracing the Circuit Court for the 15th Judicial District for Palm Beach County, Florida, thus, venue is proper in this district pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C § 98(a).

## REMOVAL PROCEDURE

25. PatientPop has attached a copy of all process, pleadings, and orders filed in the State Court record at the time of removal in accordance with 28 U.S.C. § 1446(a) as Exhibit "1" to this Notice.

26. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that this Notice of Removal will be served promptly on the Plaintiffs through their counsel, and notice will be filed promptly with the Clerk of Court for the 15th Judicial District for Palm Beach County, Florida.

27. PatientPop represents that defendant Nora Feyl has not been served with a copy of the State Court Complaint, as of the time of removal, and thus Ms. Feyl is not required to join in this removal nor is PatientPop required to provide a consent to the removal by Ms. Feyl. *See* 28 U.S.C. §1446 (b). *See also Katz v. Costa Armatori, S.P.A.* 718 F. Supp 1508 (S.D. Fla 1989)("[Plaintiff] filed a timely petition, and although all defendants did not join in the petition as required, the record reflects that the nonjoining defendant Tossi has yet to be served, and, thus, did not have to join with the removing defendant.")

28. PatientPop reserves the right to amend or supplement this Notice.

WHEREFORE, for all these reasons, defendant PatientPop prays that this Notice of Removal be considered good and sufficient, and that the case now pending in the Circuit Court for the 15th Judicial District, Palm Beach County, Florida, under the caption "*Doctor Sam, LLC, a Florida limited liability company, and Dr. Samantha Saltz, an individual v. PatientPop, Inc., a Delaware corporation, and Nora Feyl, and individual,*" Case No. 502021CA011636XXXXMB, Div. AH, be hereby removed to the United States District Court for the Southern District of Florida, and placed on the docket of this Court, pursuant to 28 U.S.C. §§ 1441 and 1332.

Respectfully submitted,

JONES WALKER, LLP
201 S. Biscayne Blvd.
Citi Center Suite 3000
Miami, Florida 33131-4341
Primary Email address:
llamas@joneswalker.com
Secondary email address:
mrosen@joneswalker.com

*/s/ Luis E. Llamas*
By:  **Luis E. Llamas**
Florida Bar No. 0089822
Email:  llamas@joneswalker.com
**Michael A. Rosen**
Florida Bar No. 167208
Email:  mrosen@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2021, a true and correct copy of the foregoing was filed with the Clerk using the CM/ECF system, and was served via email and U.S. Mail upon the following:

    Joshsua E. Saltz
    Counsel for Plaintiffs
    Joshua IP, PLLC
    2600 N. Military Trail, Suite 355
    Boca Raton, Florida 33431
    josh@joshua-ip.com

    Nora Feyl
    Co-Defendant
    111 Della
    Irvine, California  92602

                      by:    */s/ Luis E. Llamas*
                                Luis E. Llamas
                                Florida Bar No. 0089822