Filing # 136640521 E-Filed 10/15/2021 12:23:48 PM

### FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u> JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u> COUNTY, FLORIDA

<u>Doctor Sam LLC, Samantha Saltz</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>PatientPop Inc, Nora Feyl</u>
Defendant

### II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III. TYPE OF CASE    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

EXHIBIT
**1**

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☒ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [  ]**
(Specify)

   <u>2</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Joshua E Saltz</u>           Fla. Bar # <u>70521</u>
      Attorney or party               (Bar # if attorney)

<u>Joshua E Saltz</u>           <u>10/15/2021</u>
(type or print name)         Date

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office with redactions, if any as required by law.
THIS ____ DAY OF OCT ____, 20__
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By: _____
Deputy Clerk

- 3 -

Filing # 136640521 E-Filed 10/15/2021 12:23:48 PM

IN THE CIRCUIT COURT OF THE 15TH    CASE NO.:
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

---

Doctor Sam, LLC, a Florida limited liability
company, and Dr. Samantha Saltz, an
individual,

      Plaintiffs,

v.

PatientPop, Inc., a Delaware corporation, and
Nora Feyl, an individual,

      Defendants.

---

## COMPLAINT

Plaintiffs, Doctor Sam, LLC ("**Doctor Sam**") and Samantha Saltz, MD ("**Dr. Saltz**") (collectively, "**Plaintiffs**"), through their attorneys, sues Defendants, PatientPop, Inc. ("**PatientPop**") and Nora Feyl ("**Ms. Feyl**") (collectively, "**Defendants**"), and state:

## INTRODUCTION

1.    This case arises from an intentional and malicious act of defamation perpetrated by PatientPop employee Nora Feyl immediately after Doctor Sam declined to engage PatientPop for online reputation management services. In a desperate attempt to convince Doctor Sam to purchase PatientPop's online reputation management services, Feyl – using the alias "Jesse North" – left the following callous – and completely fabricated – 1-star review on the Doctor Sam Google business listing:



**Jesse North**
1 review
★★★★★ 3 hours ago
If I could leave no stars I would. I think she honestly needs the mental help. But I've heard people get into the profession because of their own issues and this makes total sense. STAY AWAY

2.     PatientPop markets itself as a leader in helping doctors obtain positive patient reviews on Google and managing negative reviews – the very services that could help control the damage caused by the fake 1-star review left by PatientPop's employee, Feyl. *See, e.g.,* https://www.patientpop.com/manage-your-reputation/, attached hereto as **Exhibit "A"** ("PatientPop reputation management helps your practice deliver an outstanding first impression.").

3.     Incredibly, this was not an isolated incident. Plaintiffs uncovered evidence of Feyl using this same corrupt scheme to sell (or attempt to sell) PatientPop's services to at least one other local doctor.

## JURISDICTION AND VENUE

4.     Defendant PatientPop is subject to the personal jurisdiction of this Court because it: (a) operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state, (b) committed a tortious act within this state, (c) caused injury to persons or property within this state arising out of an act or omission outside this state while engaged in solicitation or service activities within this state, and (d) is engaged in substantial and not isolated activity within this state. *See* Fla. Stat. § 48.193(1)(a)-(2).

5.     Defendant Feyl is subject to the personal jurisdiction of this Court because this causes of action arises from Feyl (a) operating, conducting, engaging in, or carring on a business or business venture in this state or having an office or agency in this state, (b) committing a tortious act within this state, and (c) engaging in substantial and not isolated activity within this state. *See* Fla. Stat. § 48.193(1)(a)-(2). Indeed, Feyl committed the acts described in this Complaint while living and working for PatientPop in Palm Beach County, FL.

6.     Venue is proper in Palm Beach County, Florida because that is where (1) the cause of action accrued and (2) PatientPop has an agent or other representative. *See* Fla. Stat. § 47.011;

2

Fla. Stat. § 47.051.

## THE PARTIES

7.     Plaintiff, Doctor Sam, LLC, is a Florida limited liability company having its principal place of business in Boca Raton, Florida. Doctor Sam is a mental health company.

8.     Plaintiff, Dr. Samantha Saltz, is an individual residing in Boca Raton, Florida. Dr. Saltz is a double board-certified child, adolescent and adult psychiatrist and owner of Doctor Sam. At the time of this cause of action arose, Dr. Saltz was the only Psychiatrist at Doctor Sam.

9.     On information and belief, Defendant, PatientPop, Inc., is a Delaware corporation with its principal place of business at 214 Wilshire Blvd, Santa Monica, California 90401.

10.     On information and belief, Defendant, Nora Feyl, is an individual who resided in Boca Raton, Florida at the time she committed the acts alleged in this Complaint. On information and belief, Feyl subsequently moved to Irvine, California.

11.     Defendant, PatientPop is in the business of online reputation management and patient engagement for doctors and medical practices.

12.     Defendant, Nora Feyl, is a former employee of PatientPop.

## FACTUAL BACKGROUND

13.     On November 19, 2019, Doctor Sam contacted PatientPop to inquire about setting up a demo of PatientPop's patient survey and review platform. The demo was scheduled for November 20, 2019 at 5:30 pm ET with PatientPop employee Nora Feyl.

14.     On November 20, Feyl called Doctor Sam and spoke with Joshua Saltz (Dr. Saltz' husband) – who indicated that Doctor Sam was only interested in a service to manage patient surveys and reviews. Feyl explained that PatientPop does not offer patient surveys and reviews as

3

a standalone product. When Mr. Saltz explained that PatientPop was not going to be a good fit for Doctor Sam, Feyl became abrasive.

15.     Feyl never spoke with or communicated with Dr. Samantha Saltz.

### THE FAKE AND DEFAMATORY REVIEW

16.     Approximately 45 minutes after the call between Mr. Saltz and Feyl ended, Doctor Sam was notified that a 1-star review had been left on the Doctor Sam Google business listing by a "Jesse North." The review urged viewers to "STAY AWAY" from the Doctor Sam practice, suggested that Jesse North had met Dr. Saltz, and stated Dr. Saltz got into the mental health profession because of her own issues and needs mental help herself:



**Jesse North**
1 review

★☆☆☆☆ 3 hours ago
If I could leave no stars I would. I think she honestly needs the mental help. But I've heard people get into the profession because of their own issues and this makes total sense. STAY AWAY

A printout of the fake review as shown on Google is attached hereto as **Exhibit "B."**

17.     The timing was so suspicious that Mr. Saltz called Feyl and explained his concerns. She denied leaving the review and bragged about how much money she was making in commissions with PatientPop.

18.     Moments after hanging up with Feyl, Mr. Saltz looked at other reviews written by "Jesse North" and noticed that this person had left a 1-star Google review for another local doctor just one week earlier. Mr. Saltz refreshed the page and the 1-star review left by "Jesse North" changed to a 5-star review. He refreshed the page again and the review had been deleted.

19.     Feyl was apparently attempting to cover her tracks in real time.

20.     Mr. Saltz called the other doctor and – to no surprise – learned that "Nora" (Ms. Feyl's first name) from PatientPop had recently visited his office. This confirmed Feyl was

4

responsible for the fake Doctor Sam review and evidenced a pattern of the same conduct targeted at others.

21.    Feyl subsequently confessed to writing both fake reviews under the alias Jesse North after she was confronted with the evidence Mr. Saltz gathered. She subsequently deleted the fake Doctor Sam review.

## PUBLICATION

22.    In addition to the fake review being published to Mr. Saltz and numerous employees at PatientPop – including without limitation, Alexis Kavazanjian, Betsy Bennett and Luke Kervin, during the time the time the fake review of Dr. Saltz was live, Google Analytics reported eleven (11) unique Client IDs that accessed the Doctor Sam website via a Google search. The Google Analytics Client IDs for such individuals are identified below:



| Google Analytics Client ID |
|---|
| 0716 |
| 1649 |
| 4889 |
| 5284 |
| 0405 |
| 3563 |
| 2675 |
| 1559 |
| 1886 |
| 9061 |
| 3402 |

23. When a user searches for Doctor Sam or Dr. Saltz via Google, the Doctor Sam Google Business listing typically appears, along with the star rating and reviews of the business. On information and belief, the individuals associated with the above-referenced Client IDs saw the false and defamatory review and decreased star rating for Ms. Saltz and her business, Doctor Sam. Because these Client IDs may be associated with potential patients of the Doctor Sam practice, the IDs have been redacted to protect the identity of these individuals and will be disclosed once a protective order is in place.

24. The actual number of people who saw the false and defamatory review may be much greater than those associated with the eleven (11) client IDs above. Plaintiffs do not have access to how many people searched for Doctor Sam or Dr. Saltz on Google during the relevant time but never actually clicked to visit the Doctor Sam website – presumably because they were not interested in becoming a patient of a doctor or practice that was the subject of such a horrific false review.

## MANUFACTUERING A FAKE NEGATIVE REVIEW AS A CORRUPT SALES TACTIC FOR PATIENTPOP

25. Upon information and belief, Feyl published the false and defamatory review of Plaintiffs as part of a corrupt scheme to generate a sale for PatientPop and commission for herself.

26. Upon information and belief, Feyl engaged in a pattern of similar conduct over a period of months and actually generated sales for PatientPop and commissions for herself using such schemes.

27. Upon information and belief, such actions were taken by Feyl using a PatientPop laptop computer.

28. PatientPop itself recognizes the significant number of people who rely on Google reviews, and the importance these reviews have on decision-making:

6

"When sorting through information, the majority (54.6 percent) of people seek online patient reviews to make an informed decision. Therefore, it's not surprising that 69.9 percent of people consider a positive reputation a very or extremely important factor. . . . **Half (48.8 percent) of people read reviews on Google, according to PatientPop.**" https://www.patientpop.com/blog/where-patients-read-reviews/, attached hereto as **Exhibit "C."**

29. PatientPop has also acknowledged that "[r]eceiving negative patient reviews will impact your average star rating, which is considered the most important review factor among consumers, according to a survey by BrightLocal." https://www.patientpop.com/blog/the-best-way-to-respond-to-negative-online-reviews/, attached hereto as **Exhibit "D."**

30. Plaintiffs have suffered damages as a result of Feyl's false and defamatory review.

31. According to Feyl's current Linkedin page, attached hereto as **Exhibit "E"**, she continued to work for PatientPop until February 2020 – three (3) months after PatientPop became aware of Feyl's actions described herein.

32. Despite being aware of the on-going dispute between Plaintiffs and PatientPop, another local PatientPop sales agent contacted Doctor Sam in January 2020 to pitch PatientPop's services.

33. Plaintiffs sent multiple demand letters to PatientPop and their counsel about this dispute, including notifying PatientPop to issue a litigation hold on materials relevant to this lawsuit and the contents of Ms. Feyl's PatientPop-issued laptop computer.

34. Plaintiff has retained the undersigned counsel to represent it in this action and is obligated to pay them a reasonable fee for their services.

### COUNT I
### DEFAMATION
### (LIBEL)

35. Plaintiffs incorporate their allegations in paragraphs 1-34 as if fully set forth herein.

36. Feyl has never met or spoken with Dr. Saltz.

7

37.     Feyl's review of Plaintiffs was a complete fabrication of an encounter with Dr. Saltz that never actually took place.

38.     Feyl's fake review of Plaintiffs was false and defamatory and falsely stated facts regarding the mental condition and competency of Dr. Saltz – the sole psychiatrist of Doctor Sam at the time the fake review was published.

39.     Feyl published the false and defamatory review of Plaintiffs on the Doctor Sam Google business listing – a public business profile on the Google search engine that displays information about Doctor Sam and Dr. Saltz, including reviews and star ratings.

40.     The Doctor Sam Google business listing displays a photograph of Dr. Saltz.

41.     During the time the false and defamatory review was live on the Doctor Sam Google business listing, Google Analytics reported eleven (11) unique Client IDs that accessed the Doctor Sam website via a Google search.

42.     During the time the false and defamatory review was live on the Doctor Sam Google business listing, the combined star rating of Doctor Sam was reduced from 5-stars to 4.2-stars.

43.     Upon information and belief, Feyl's false and defamatory review was viewed by third parties, including potential patients of Plaintiffs and other PatientPop employees.

44.     Feyl's false and defamatory statement was published with actual malice in a vicious attempt to inflict a harm on Plaintiffs that PatientPop could help to cure with its online reputation management services. Thus, Feyl had a motive for making the defamatory statement – manufacturing a need for PatientPop's reputation management services – thereby increasing the likelihood of a sale for PatientPop and commission for Feyl.

8

45. Feyl's false and defamatory statement against Plaintiffs constitute libel per se because such statement tends to injure Plaintiffs in a trade or profession, subject Plaintiffs to distrust, ridicule, contempt, or disgrace and/or attributes to Plaintiffs either conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade, profession or office.

46. Because Feyl's false and defamatory statement against Plaintiffs constitute libel per se, damages are presumed and Plaintiffs are not required to prove actual damages to be entitled to relief.

47. Punitive damages may be awarded in an action for libel per se regardless of whether any actual damages are shown.

48. Punitive damages are appropriate against Feyl because her defamatory statement was made intentionally and maliciously in an attempt to sell PatientPop's services and earn a commission.

49. Plaintiff has been damaged as a result of Feyl's false and defamatory statement.

## COUNT II
## VICARIOUS LIABILITY

50. Plaintiffs incorporate their allegations in paragraphs 1-49 as if fully set forth herein.

51. Feyl, was acting within the scope of her employment with Defendant PatientPop when she published the false and defamatory review of Plaintiffs.

52. Feyl published the false and defamatory review of Plaintiffs in an attempt to generate a sale for Defendant PatientPop and a commission for herself.

53. Feyl was acting at least in-part to serve the interests of Defendant PatientPop in publishing the false and defamatory review of Plaintiffs.

9

54.     Defendant PatientPop is vicariously liable for damages arising from Feyl's defamatory statement.

55.     Punitive damages are appropriate against Defendant PatientPop because Feyl made the false and defamatory statements about Plaintiffs as PatientPop's employee or agent, and upon information and belief, PatientPop engaged in conduct that constituted gross negligence which contributed to the loss, damages, or injury suffered by the Plaintiffs, including failing to properly screen, train or supervise Feyl, turning a blind eye or failing to investigate prior misconduct, and/or promoting a toxic company culture that enabled reckless and callous sales techniques.

56.     Plaintiffs have been damaged due to PatientPop's actions.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court:

1.      Enter judgment against Defendants;

2.      Award Plaintiffs compensatory damages and attorney's fees;

3.      Award Plaintiffs punitive damages;

4.      Award Plaintiffs prejudgment interest; and

5.      Award any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 15, 2021                 Respectfully submitted,

                                        Joshua IP, PLLC
                                        *Counsel for Plaintiffs*
                                        2600 N Military Trail, Ste 355
                                        Boca Raton, Florida
                                        Tel: (561) 221-2694

10

By: /s Joshua Saltz
     Joshua E. Saltz
     josh@joshua-ip.com
     Fla. Bar. No. 70521

11

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS 22 DAY OF Oct , 20 21
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By: V. Welsh
Deputy Clerk



**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
4214819

Printed On:
10/18/2021 08:54
Page 1 of 1

| Receipt Number: 4214819 - Date 10/18/2021  Time 8:54AM | | | | |
|---|---|---|---|---|
| **Received of:** | Samantha B Saltz<br>2600 N Military Trail, Ste 355<br>Boca Raton, FL 33431 | | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | | 401.00 |
| **Receipt ID:** | 10555242 | **Remaining Balance:** | | 0.00 |
| **Division:** | AH: Circuit Civil Central - AH(Civil) | | | |

| Case# 50-2021-CA-011636-XXXX-MB -- PLAINTIFF/PETITIONER: DOCTOR SAM LLC | | | | |
|---|---|---|---|---|
| Item | | Balance | Paid | Bal Remaining |
| Fees | | 401.00 | 401.00 | 0.00 |
| **Case Total** | | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 32582646 | 401.00 |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law

THIS ___ DAY OF _____, 20__

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER

By: _____
Deputy Clerk

Filing # 136755417 E-Filed 10/18/2021 02:58:07 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY FLORIDA

CASE NO.: 502021CA011636XXXXMB

Doctor Sam, LLC, a Florida limited liability
company, and Dr. Samantha Saltz, an
individual,

      Plaintiffs,

v.

PatientPop, Inc., a Delaware corporation, and
Nora Feyl, an individual,

      Defendants.

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above styled cause upon the Defendant, PatientPop, Inc.:

| Company Headquarters: | | Registered Agent: |
|---|---|---|
| **PatientPop, Inc.** | **OR** | **THE CORPORATION TRUST COMPANY** |
| 214 Wilshire Blvd, Santa Monica, California 90401 | | Corporation Trust Center 1209 Orange St, Wilmington, DE 19801 |

      Each Defendant is hereby required to serve written defenses to said Complaint on Joshua Saltz, Esq., Joshua IP, PLLC, 2600 N Military Trail, Ste 355, Boca Raton, FL 33431 (josh@joshua-ip.com); Telephone: (561) 221-2694, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.



Dated on **Oct 20 2021** 2021.

**JOSEPH ABRUZZO**

As Clerk of the Court

By: _____

As Deputy Clerk **JOSIE LUCCE**

<u>This notice is provided pursuant to Administrative Order No. 2.207 9/12</u>

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355 4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355 4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.
THIS ___ DAY OF ___, 20__
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By: _____
Deputy Clerk

Filing # 136755417 E-Filed 10/18/2021 02:58:07 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY FLORIDA

CASE NO.: 502021CA011636XXXXMB

Doctor Sam, LLC, a Florida limited liability
company, and Dr. Samantha Saltz, an
individual,

      Plaintiffs,

v.

PatientPop, Inc., a Delaware corporation, and
Nora Feyl, an individual,

      Defendants.

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in the above styled cause upon the Defendant:

      Nora Feyl, 111 Della, Irvine, CA 92602

      Each Defendant is hereby required to serve written defenses to said Complaint on Joshua
Saltz, Esq., Joshua IP, PLLC, 2600 N Military Trail, Ste 355, Boca Raton, FL 33431
(josh@joshua-ip.com); Telephone: (561) 221-2694, within twenty (20) days after service of this
Summons upon you, exclusive of the day of service, and to file the original of said written defenses
with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.
If you fail to do so, a default will be entered against you for the relief demanded in the Complaint
or Petition.

      WITNESS my hand and the seal of this Court on this _____ day of October, 2021.



Dated on **Oct 20 2021** 2021.

**JOSEPH ABRUZZO**
As Clerk of the Court

By: _____

As Deputy Clerk   **JOSIE LUCCE**

<u>IMPORTANT</u>

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

<u>This notice is provided pursuant to Administrative Order No. 2.207 9/12</u>

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355 4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355 4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy of the record in my office with
redactions, if any as required by law.

THIS 28 DAY OF OCt , 20 21

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER

By: V. Wilah
Deputy Clerk